IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK INGRAM,

        Plaintiff,

vs.

CITY OF SACRAMENTO, et al.,

        Defendants.

No. CIV S-12-2398 GEB DAD PS

ORDER AND
FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff, proceeding pro se, commenced this action on September 20, 2012, by filing a complaint and a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. Nos. 1 & 2.)  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)). See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to

1

examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

2

Here, plaintiff's complaint does not contain a short and plain statement of his claim showing that he is entitled to relief. In this regard, plaintiff's complaint consists of six pages of rambling, largely incoherent, vague allegations intermixed with references to federal law.

For example, in his complaint plaintiff alleges the following:

> 1) hertz rental car took Plaintiffs covered rental car with his belongings in it, 2) D.M.V. sending harassment mail to Plaintiff that his vehicle was not registered after it was non operated by d.m.v.; 3) Geico sending harassment mail about a late payment that they cancelled but continues to harass Plaintiff; 4) San Joaquin Child services continues to send harassment mail about a child that is not Plaintiffs what so ever, 5) Mercury Insurance stole Plaintiffs car on 6-13-2012 and blamed it on the tow company . . .

(Compl. (Doc. No. 1) at 3-4.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Having reviewed plaintiff's allegations as summarized above, the undersigned will make a substantive finding of frivolousness as to the complaint filed in this action. Specifically, the court finds that the allegations of plaintiff's complaint lack an arguable basis in law, are indisputably meritless and are thus frivolous. See Neitzke, 490 U.S. at 325-27; Franklin, 745 F.2d at 1227-28.

/////

1    Accordingly, for the reasons cited above, plaintiff's complaint should be
2 dismissed for failure to state a claim upon which relief can be granted.
3    The undersigned has also carefully considered whether plaintiff may amend his
4 pleading to state a claim upon which relief can be granted. "Valid reasons for denying leave to
5 amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg.
6 Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake
7 Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that
8 while leave to amend shall be freely given, the court does not have to allow futile amendments).
9 In light of the obvious deficiencies of the complaint filed by plaintiff in this action as noted
10 above, the court finds that it would be futile to grant plaintiff leave to amend.
11    Finally, the court notes that plaintiff has a lengthy history of filing civil actions in
12 this court over the past few years which have been subject to dismissal. The Ninth Circuit has
13 acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants
14 by imposing carefully tailored restrictions under the appropriate circumstances." De Long v.
15 Hennessey, 912 F.2d 1144, 1146 (9th Cir.1990) (discussing requirements, pursuant to the All
16 Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from
17 the court prior to filing any future suits). See also Molski v. Evergreen Dynasty Corp., 500 F.3d
18 1047, 1057-62 (9th Cir. 2007).
19    Local Rule 151(b) provides that "[t]he provisions of Title 3A, part 2, of the
20 California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a
21 procedural rule of this Court on the basis of which the Court may order the giving of security,
22 bond, or undertaking, although the power of the court shall not be limited thereby." California
23 Code of Civil Procedure, Title 3A, part 2, commences with § 391 and defines a "vexatious
24 litigant" as including those persons acting in propria persona who "repeatedly files unmeritorious
25 motions, pleadings, or other papers . . . or engages in other tactics that are frivolous or solely
26 /////

1  intended to cause unnecessary delay." Cal. Code Civ. Proc. § 391(b)(3).[1]

2  Pre-filing review orders, in which a complainant is required to obtain approval from a United States Magistrate Judge or District Judge prior to filing a complaint, can appropriately be imposed in certain circumstances but "should rarely be filed." DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir.1990). See also Molski, 500 F.3d at 1057. The Ninth Circuit has articulated that the following four conditions must be met before the court enters a pre-filing review order: (1) plaintiff must be given adequate notice to oppose the order; (2) the court must provide an adequate record for review, listing the pleadings that led the court to conclude that a vexatious litigant order was warranted; (3) the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored. DeLong, 912 F.2d at 1147-48; see also Molski, 500 F.3d at 1057-58.

To make substantive findings of frivolousness, the district court needs to look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. In re Powell, 851 F.2d 427, 431 (9th Cir. 1988). See also Moy v United States, 906 F.2d 467, 470 (9th Cir. 1990) (a pre-filing "injunction cannot issue merely upon a showing of litigiousness."). Absent "explicit substantive findings as to the frivolous or harassing nature of the plaintiff's findings," a district court may not issue a pre-filing order. O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990).

Here, the court's records reflect that this year alone plaintiff has brought roughly two dozen civil actions before this court, many raising allegations quite similar to those made

/////
/////
/////

---

[1] Under California Code of Civil Procedure § 391 (b)(4), a vexatious litigant is also a person acting in propria persona who has previously been declared to be a vexatious litigant by a state court in any action based upon substantially similar facts, transaction, or occurrence.

5

1  in the complaint filed in this action.[2]  In fact, the undersigned has recently recommended the

2  dismissal of several of plaintiff's complaints without leave to amend, specifically finding that

3  those actions were frivolous.  See Chaderick Ingram v. City of Sacramento, et al., No. CIV S-12-

4  1787 MCE DAD PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1898

5  GEB DAD PS; and Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-2034 MCE

6  DAD PS.  While mindful that such orders are to be used only as a last resort in rare instances, the

7  court is seriously concerned that plaintiff's filing of civil action on his own behalf which are

8  subject to dismissal has become such an extreme situation that it has become clear that there is

---

[2] All of those two dozen actions have either been dismissed, or have pending findings and recommendations recommending that they be dismissed, without leave to amend.  See Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-864-KJM GGH PS; Chaderick Ingram v. United States of America, et al., No. CIV S-12-927 MCE CKD PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1089 JAM CKD PS; Chaderick Ingram v. City of Sacramento, et al., No. CIV S-12-1232 GEB CKD PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1233 JAM KJN PS; Chaderick Ingram v. City of Sacramento, et al., No. CIV S-12-1284 JAM DAD PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1523 GEB GGH PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1557 GEB GGH PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1686 KJM CKD PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1731 JAM KJN PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1812 KJM EFB PS; Chaderick Ingram v. City of Sacramento, et al., No. CIV S-12-1827 GEB CKD PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1861 KJM GGH PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1898 GEB DAD PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1955 GEB KJN PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1956 GEB KJN PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1978 KJM JFM PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-2035 GEB EFB PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-2106 GEB EFB PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-2178 KJM EFB PS; Chaderick Ingram v. City of Sacramento, et al., No. CIV S-12-2213 JAM CKD PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-2214 LKK EFB PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-2396 LKK EFB PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-2397 KJM KJN PS.  Although each of these civil actions initiated by plaintiff in this court or removed by defendants to this court in 2012 were arguably frivolous, they have instead been dismissed for the most part in recognition of the fact that in the criminal case of United States of America v. Ingram, No. CR S-10-0014 MCE (E.D. Cal.), the court declared Mr. Ingram incompetent and unrestorable based upon his mental condition.  In dismissing these civil cases the court has often found that Mr. Ingram's mental condition had not apparently changed since that time, that he was not represented by counsel and that no guardian ad litem had been appointed on his behalf.  Although the orders dismissing these actions did not make a finding of frivolousness, many referred to plaintiff's rambling, fanciful allegations as not justifying the appointment of counsel or a guardian ad litem.

...

no possibility that actions filed by plaintiff on his own behalf could support the granting of judicial relief. Moreover, the court is very concerned that plaintiff's repetitive filing of such frivolous actions has become a severe burden on an already resource-strapped court.[3]

Accordingly the undersigned will consider imposing on plaintiff a narrowly tailored pre-filing review order. Plaintiff will, however, be given an opportunity to file written opposition to the imposing of such an order by this court and to be heard at a hearing on that subject if he so desires. Moreover, in light of the rare and extreme circumstances presented here the court will appoint counsel to represent plaintiff solely for the limited purpose of responding to this order and the hearing held in connection therewith.

Accordingly, IT IS HEREBY ORDERED that:

1. A hearing considering the imposing on plaintiff of a pre-filing review order is set for **Friday, January 11, 2013, at 10:00 a.m.** at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27 before the undersigned;

2. Joanna Mendoza, Esq. is hereby appointed for the limited purpose of responding to this order on behalf of plaintiff and representing him at the January 11, 2013 hearing. The Clerk of The Court shall serve a copy of this order on attorney Mendoza and shall add attorney Mendoza to the list of parties to be served in this action; and

3. Plaintiff's opposition, if any, to the imposition of a pre-filing review order shall be filed on or before January 4, 2013.[4]

/////

/////

---

[3] It is well-recognized that the U.S. District Court for the Eastern District of California has for many years carried one of the heaviest weighted caseloads of any district court in the country.

[4] Attorney Mendoza may submit any briefing she desires on or before January 4, 2013. Counsel, however, is not required to submit any briefing prior to the January 11, 2013 hearing and argument from counsel will be heard on the matter at the January 11, 2013 hearing even if counsel elects not to submit briefing prior to the hearing.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's September 20, 2012 application to proceed in forma pauperis (Doc. No. 2) be denied; and

2. Plaintiff's September 20, 2012 complaint (Doc. No. 1) be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 19, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDAD:6
Ddad1\orders.pro se\ingram2398.pfo.hrg.ifpden.f&rs.wpd