IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK INGRAM,

        Plaintiff,                       No. CIV S-12-2398 TLN DAD PS

    vs.

CITY OF SACRAMENTO, et al.,        FINDINGS AND RECOMMENDATIONS

        Defendants.

_____/

        Plaintiff, proceeding pro se, commenced this action on September 20, 2012, by filing a complaint and a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. Nos. 1 & 2.)  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

        On November 20, 2012, the undersigned reviewed plaintiff's complaint, found it to be frivolous and recommended that it be dismissed without leave to amend.  (Doc. No. 3.) The undersigned also noted plaintiff's lengthy history of filing civil actions in this court which have been subject to dismissal.  Accordingly, a hearing was set to consider imposing on plaintiff a pre-filing review order.  Plaintiff was also appointed counsel for the limited purpose of representing plaintiff with respect to this issue.

/////

1

On January 11, 2013, plaintiff and his counsel, Joanna Mendoza, Esq., appeared before the court for hearing on consideration of imposing on plaintiff a pre-filing review order. Plaintiff's counsel informed the court that plaintiff's excessive filings stemmed from periods when his mental illness was unmedicated, that the court's orders generated in response to plaintiff's filings further exacerbated his mental state, that plaintiff was currently medicated, that plaintiff's counsel explained the implications of a pre-filing review order to plaintiff and that plaintiff and his counsel were requesting that the court enter an order subjecting any future civil action plaintiff files while proceeding pro se to pre-filing review. In this regard, plaintiff's counsel noted that plaintiff had previously been declared incompetent and unrestorable, and thus could not proceed under any circumstances without counsel.[1]

The Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing any future suits). See also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057-62 (9th Cir. 2007).

Local Rule 151(b) provides that "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural rule of this Court on the basis of which the Court may order the giving of security, bond, or undertaking, although the power of the court shall not be limited thereby." California Code of Civil Procedure, Title 3A, part 2, commences with § 391 and defines a "vexatious

---

[1] The court takes judicial notice of the proceedings in United States of America v. Ingram, 2:10-cr-0014 MCE-1 (E.D. Cal.) and Ingram v. Grant Joint Union High School Dist., et al., 2:08-cv-2490 KJM DAD. See Fed. R. Evid. 201. In the criminal proceedings, plaintiff herein was declared incompetent and unrestorable. See Case No. 2:10-cr-0014 MCE-1, Doc. Nos. 32, 39, 40. In the civil action, plaintiff was represented by counsel, Joanna Mendoza, Esq., and, after the declaration of incompetence in the criminal action, a guardian ad litem was appointed for plaintiff. See Case No. 2:08-cv-2490 KJM DAD, Doc. Nos. 87-88.

litigant" as including those persons acting in propria persona who "repeatedly files unmeritorious motions, pleadings, or other papers . . . or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." CAL. CODE CIV. PRO. § 391(b)(3).[2]

Pre-filing review orders, in which a complainant is required to obtain approval from a United States Magistrate Judge or District Judge prior to filing a complaint, can appropriately be imposed in certain circumstances but "should rarely be filed." DeLong, 912 F.2d at 1147. See also Molski, 500 F.3d at 1057. The Ninth Circuit has articulated that the following four conditions must be met before the court enters a pre-filing review order: (1) plaintiff must be given adequate notice to oppose the order; (2) the court must provide an adequate record for review, listing the pleadings that led the court to conclude that a vexatious litigant order was warranted; (3) the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored. See DeLong, 912 F.2d at 1147-48; Molski, 500 F.3d at 1057-58.

To make substantive findings of frivolousness, the district court must look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. In re Powell, 851 F.2d 427, 431 (9th Cir. 1988). See also Moy v United States, 906 F.2d 467, 470 (9th Cir. 1990) (a pre-filing "injunction cannot issue merely upon a showing of litigiousness."). Absent "explicit substantive findings as to the frivolous or harassing nature of the plaintiff's findings," a district court may not issue a pre-filing order. O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990).

Here, plaintiff was given adequate notice and opportunity to oppose the pre-filing review order. Plaintiff and his counsel do not oppose the imposition of a pre-filing review order, and instead have in fact requested that the court enter such an order requiring that any civil action

---

[2] Under California Code of Civil Procedure § 391(b)(4), a vexatious litigant is also a person acting in propria persona who has previously been declared to be a vexatious litigant by a state court in any action based upon substantially similar facts, transaction, or occurrence.

brought by plaintiff while proceeding pro se be subject to pre-filing review.

Morever, the court's records reflect that in the past year alone plaintiff has brought roughly two dozen civil actions before this court, many raising allegations quite similar to those made in the complaint he filed in this action.[3] In fact, the undersigned has recommended the dismissal of several of plaintiff's complaints without leave to amend, specifically finding that those actions were frivolous. See Chaderick Ingram v. City of Sacramento, et al., No. CIV S-12-1787 MCE DAD PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1898 GEB DAD PS; and Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-2034 MCE

---

[3] All of those two dozen actions have either been dismissed, or have pending findings and recommendations recommending that they be dismissed, without leave to amend. See Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-864-KJM GGH PS; Chaderick Ingram v. United States of America, et al., No. CIV S-12-927 MCE CKD PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1089 JAM CKD PS; Chaderick Ingram v. City of Sacramento, et al., No. CIV S-12-1232 GEB CKD PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1233 JAM KJN PS; Chaderick Ingram v. City of Sacramento, et al., No. CIV S-12-1284 JAM DAD PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1523 GEB GGH PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1557 GEB GGH PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1686 KJM CKD PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1731 JAM KJN PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1812 KJM EFB PS; Chaderick Ingram v. City of Sacramento, et al., No. CIV S-12-1827 GEB CKD PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1861 KJM GGH PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1898 GEB DAD PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1955 GEB KJN PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1956 GEB KJN PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-1978 KJM JFM PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-2035 GEB EFB PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-2106 GEB EFB PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-2178 KJM EFB PS; Chaderick Ingram v. City of Sacramento, et al., No. CIV S-12-2213 JAM CKD PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-2214 LKK EFB PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-2396 LKK EFB PS; Chaderick A. Ingram v. City of Sacramento, et al., No. CIV S-12-2397 KJM KJN PS. Although each of these civil actions initiated by plaintiff in this court or removed by defendants to this court in 2012 were arguably frivolous, they have instead been dismissed for the most part in recognition of the fact that in the criminal case of United States of America v. Ingram, No. CR S-10-0014 MCE (E.D. Cal.), the court declared Mr. Ingram incompetent and unrestorable based upon his mental condition. In dismissing these civil cases the court has often found that Mr. Ingram's mental condition had apparently not changed since that time, that he was not represented by counsel and that no guardian ad litem had been appointed on his behalf. Although the orders dismissing these actions did not make a finding of frivolousness, many referred to plaintiff's rambling, fanciful allegations as not justifying the appointment of counsel or a guardian ad litem.

DAD PS.  As noted above, the undersigned has also found that this action is frivolous.  (Doc. No. 5.)

While mindful that such orders are to be used only as a last resort in rare instances, for the reasons stated above, plaintiff's filing of civil actions on his own behalf which are subject to dismissal has become so extreme that it has become clear that there is no possibility that actions filed by plaintiff on his own behalf could support the granting of judicial relief.  Moreover, the court is very concerned that plaintiff's repetitive filing of such frivolous actions has become a severe burden on an already resource-strapped court.[4]  Finally, the court notes that plaintiff's counsel has indicated that plaintiff's frivolous filings not only burden the court but, in fact, ultimately have a deleterious impact on plaintiff as well.

With respect to the narrow tailoring of the order, because plaintiff has been declared incompetent and unrestorable, and therefore cannot proceed without counsel, the undersigned adopts plaintiff's request and will recommend that any civil action brought by plaintiff while proceeding pro se be subject to pre-filing review.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff be declared a vexatious litigant; and

2.  A pre-filing review order be entered requiring plaintiff to submit a pre-filing request to the duty judge of this court to consider plaintiff's filing of any new civil action in which plaintiff is proceeding pro se.[5]

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file

---

[4] It is well-recognized that the U.S. District Court for the Eastern District of California has for many years carried one of the heaviest weighted caseloads of any district court in the country.

[5] In light of plaintiff's mental condition, contempt proceedings against him for violating this order would be inappropriate and should not be commenced.

written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 4, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDAD:6
Ddad1\orders.pro se\ingram2398.pfo.f&rs.wpd